IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| T-Zone Health Inc., | ) | Case No. 2:21-cv-01555-DCN |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| SouthStar Capital, LLC, | ) | |
| Defendant. | ) | |

Plaintiff T-Zone Health Inc. ("T-Zone") hereby complains of Defendant SouthStar Capital, LLC ("SouthStar") as set forth below. All sections of the allegations below are intended to be incorporated into one another as if restated therein.

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff T-Zone Health Inc. is a Canadian corporation, organized and existing under the laws of the Province of Ontario, Canada, with its principal place of business in the Province of Ontario, Canada.

2. Defendant SouthStar Capital, LLC is a limited liability company, organized and existing under the laws of the State of South Carolina, with its principal place of business in Charleston County, South Carolina.

3. This is a civil action for damages against Defendant SouthStar for failing to pay for equipment that was ordered by Plaintiff with SouthStar's express authorization.

1

4.  This Court has personal jurisdiction over SouthStar Capital, LLC, which was formed as a South Carolina limited liability company and does business from its principal place of business in Mt. Pleasant, South Carolina.

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a)(2), as there is complete diversity among the parties, and T-Zone's damages exceed Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

6.  Pursuant to 28 U.S.C. § 1391(b) and Local Civil Rule 3.01(A)(1), D.S.C., venue is proper in the Charleston Division of the United States District Court for the District of South Carolina, because Defendant SouthStar is a resident of the Charleston Division and a substantial part of the events and omissions by SouthStar that give rise to this claim occurred in Charleston County, South Carolina.

## STATEMENT OF FACTS

7.  Plaintiff T-Zone Health, Inc. imports and sells at wholesale various fitness and health-related products.

8.  Defendant SouthStar Capital, LLC provides financial services to commercial businesses, including invoice financing, factoring of accounts receivable, and the collection of receivables.

9.  One of SouthStar's customers sells fitness products through large retailers, such as Costco and Sam's Club.

10.  Upon information and belief, Defendant SouthStar provides various financial services to this customer, including but not limited to financing its purchases of fitness equipment from T-Zone.

11. On or about November 6, 2019, T-Zone received an order for fitness equipment from a company whose operations, upon information and belief, are financed by SouthStar. The order was for 2,700 machines, at a total price of $947,025.00.

12. Upon receipt of the purchase order, T-Zone prepared its invoice number T39237, which was sent to SouthStar via electronic mail. A copy of the invoice is attached as Exhibit A and incorporated herein by reference.

13. On or about November 8, 2019, T-Zone received an acknowledgement and approval of the invoice from SouthStar via electronic mail. A copy of this e-mail is attached as Exhibit B and incorporated herein by reference.

14. In reliance on the acknowledgement and approval by SouthStar, T-Zone ordered the equipment described in invoice number T39237.

15. Thereafter, on or about March 10, 2020, T-Zone received another order for fitness equipment from the same company whose operations, upon information and belief, are financed by SouthStar. The order was for an additional 2,700 machines, at a total price of $968,625.00.

16. Upon receipt of the purchase order, T-Zone prepared its invoice number T39605, which was sent to SouthStar via electronic mail. A copy of the invoice is attached as Exhibit C and incorporated herein by reference.

17. On or about March 13, 2020, T-Zone received an acknowledgement and approval of the invoice from SouthStar via electronic mail. The e-mail stated that "SouthStar will pay for the units as each container is received at the warehouse." A copy of this e-mail is attached as Exhibit D and incorporated herein by reference.

18. In reliance on the e-mail from SouthStar, T-Zone ordered the equipment described in invoice number T39605.

19. Thereafter, during the period from June 17, 2019 through June 22, 2020, SouthStar continued to pay T-Zone for other equipment purchased by its customer from T-Zone.

20. On August 28, 2020, T-Zone received an e-mail from Susan Linney stating that "SouthStar will not be paying any further container shipments at this time. Because of CoVid, SouthStar has not been paid for a very long time and the Costco relationship has become difficult." A copy of this e-mail is attached as Exhibit E and incorporated herein by reference.

21. As of April 26, 2021, out of the 5400 machines approved and authorized by SouthStar, approximately 1,795 have been paid for.

FOR A FIRST CAUSE OF ACTION
Breach of Contract

22. The allegations contained in Paragraphs 1 through 21 above are realleged and incorporated herein by reference.

23. T-Zone has performed its duties and obligations under its agreement with SouthStar and has given valuable consideration in ordering the equipment and making it available for delivery.

24. During the period from June 17, 2019 through June 22, 2020, SouthStar gave assurances to T-Zone and proceeded with payment for other equipment purchased by its customer.

25. SouthStar has breached the agreement and its contractual obligation to T-Zone by failing to pay for the equipment ordered by T-Zone, as identified in Exhibits A and C.

26. As a result of the breach of the agreement by SouthStar, T-Zone has been damaged in an amount in excess of $1,000,000.00, which amount reflects its damages and lost profits

resulting from SouthStar's refusal to pay for the equipment, after T-Zone has mitigated its damages.

27.     T-Zone is entitled to a judgment against SouthStar for its actual damages, including lost profits, plus prejudgment interest at the statutory rate through the date judgment is entered.

FOR A SECOND CAUSE OF ACTION
Promissory Estoppel

28.     The allegations contained in Paragraphs 1 – 27 above are realleged and incorporated herein by reference.

29.     The acknowledgments of the invoices by SouthStar to T-Zone were unambiguous and are documented by e-mails from SouthStar to T-Zone.

30.     T-Zone reasonably relied on the acknowledgements from SouthStar in ordering the equipment requested by SouthStar's customer.

31.     Based on their prior course of dealings, T-Zone's reliance on the acknowledgements from SouthStar was reasonable, expected, and foreseeable.

32.     As a result of its reliance on the acknowledgements from SouthStar, T-Zone has been damaged in an amount in excess of $1,000,000.00.

33.     T-Zone is entitled to a judgment against SouthStar for the damages it sustained as a result of its reliance on the acknowledgements from SouthStar.

WHEREFORE, based on the foregoing, Plaintiff T-Zone Health Inc. prays for the following relief:

        a. Judgment against SouthStar Capital, LLC for actual damages, including but not limited to its lost profits;

    b. Judgment against SouthStar Capital, LLC for prejudgment interest at the statutory rate;

    c. Judgment against SouthStar Capital, LLC for the costs incurred in this action; and

    d. For such other and further relief as the Court may deem just and proper.

McANGUS, GOUDELOCK & COURIE, L.L.C.

s/*Thomas E. Lydon*
Thomas E. Lydon (District Court ID #1056)
Post Office Box 12519, Capitol Station
Columbia, South Carolina 29211-2519
(803) 779-2300
tlydon@mgclaw.com

May 26, 2021                    Attorney for Plaintiff T-Zone Health, Inc.